\06_A\LIAB\MGBRENNAN\LLPG\903438\JLMARTIN\19072\00102
19072-00102-MGB
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
BY:  Michael G. Brennan, Esquire
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
856-414-6000
Attorney for Defendant(s), Dorel Juvenile Group, Inc. Coscos, Inc. and Target Corp.

| | |
|---|---|
| MELISSA M. VIETS and RUSSELL S. VIETS, Individually and as Administrator ad Prosequendum of infant, Jacqueline Nicole Viets<br><br>Plaintiff(s),<br><br>vs.<br><br>DOREL JUVENILE GROUP, INC., a body corporate; COSCOS, INC., a body corporate; TARGET CORP., a body corporate; and JOHN DOE (1-10), ABC CORP. (1-10), (presently fictitious and unknown)<br><br>Defendant(s). | **CIVIL ACTION**<br><br>**CIVIL ACTION NO.:**<br><br>06-3878(MLC) |

## NOTICE OF FILING

TO:   Clerk
United States District Court for
the District of New Jersey
U.S. Courthouse
402 E. State Street
Trenton, NJ  08608

Thedore Fetter, Clerk
Superior Court of New Jersey
Law Division, Hughes Justice Complex
25 W. Market Street, CN 971
Trenton, NJ  08625

Office of the Clerk
Civil Part, Law Division
Ocean County Superior Court
118 Washington Street
P.O. Box 2191
Toms Rivers, NJ 08754

Michael E. Wilbert, Esquire
2640 Highway #70
Suite 1A
Manasquan, NJ 08736
Attorneys for Plaintiffs

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1446(a) Defendant, Dorel

Juvenile Group, Inc., filed a Notice of Removal of this action from the Superior Court of New

Jersey, Law Division, Ocean County, Docket No. OCN-L-2122-06 to the United States District

Court for the District of New Jersey (a copy of the Notice of Removal is attached hereto) on

August 16, 2006, to the United States District Court for the District of New Jersey, Trenton

Vicinage.

Respectfully submitted,

**MARSHAL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

/s/ Michael G. Brennan
MICHAEL G. BRENNAN, ESQUIRE
Attorney for Defendant

DATED:  August 16, 2006

19072-00102-MGB
\06_A\LIAB\MGBRENNAN\LLPG\903219\JLMARTIN\19072\00102
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
BY:  Michael G. Brennan, Esquire
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
856-414-6000
Attorney for Defendant(s), Dorel Juvenile Group, Inc. Coscos, Inc. and Target Corp.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON  DIVISION

| | |
|---|---|
| MELISSA M. VIETS and RUSSELL S. VIETS, Individually and as Administrator ad Prosequendum of infant, Jacqueline Nicole Viets,<br><br>                 Plaintiff(s),<br><br>vs.<br><br>DOREL JUVENILE GROUP, INC., a body corporate; COSCOS, INC., a body corporate; TARGET CORP., a body corporate; and JOHN DOE (1-10), ABC CORP. (1-10), (presently fictitious and unknown)<br><br>                 Defendant(s). | CIVIL ACTION NO: |

## NOTICE OF REMOVAL

The defendant, Dorel Juvenile Group, Inc. ("D.J.G."), by its undersigned attorneys,

Marshall, Dennehey, Warner, Coleman & Goggin, LLP, submit this Notice of Removal from the

Superior Court of New Jersey, Law Division, Ocean County, in which the above-captioned

action is now pending to the United States District Court for the District of New Jersey, Trenton

Division.  In support of this Notice, D.J.G. states as follows:

## **BACKGROUND**

1.      On June 29, 2006, Plaintiffs filed their Complaint in the Superior Court of New

Jersey, Law Division, Ocean County.  The State Court action is docketed as <u>Melissa M. Viets</u>

<u>and Russell S. Viets, individually and as Administrator ad Prosequendum of infant, Jacqueline</u>

<u>Nicole Viets vs. Doral Juvenile Group, Inc., Coscos, Inc., and Target Corporation, et al</u>, Docket

No.: OCN-L-2122-06.  The Complaint was served upon DJG on or about July 21, 2006.  (A true

and correct copy of the Complaint and accompanying Summons is attached hereto as Exhibit

"A".)

2.      Plaintiffs allege that on or about July 2, 2004, the infant decedent, Jacqueline

Nicole Viets, while traveling in the rear passenger seat of a vehicle, was involved in a motor

vehicle accident.  (See Complaint at Second Count, paragraph 4.)  Plaintiffs allege that at the

time of the accident, Jacqueline Nicole Viets was riding in an infant safety seat which was

designed, manufactured, installed, altered, assembled, sold, distributed, marketed, inspected and

tested by DJG.  Plaintiffs allege that the seat was defective and such defect caused Jacqueline

Nicole Viets to experience pain/suffering and death.  (See Complaint at Sixth Count, paragraph

5.)

3.      Plaintiffs' Complaint asserts claims for negligence against the operator of the

other vehicle involved in the accident, Leonard D. Vanderwiele (First Count); a claim for

Wrongful Death and Survival against Vanderwiele (Second Count);  A claim for loss of services

and emotional distress caused by the injuries sustained by Melissa M. Viets and the death of

Jacqueline Nicole Viets against Vanderwiele (Third Count); A claim for negligent infliction of

emotional distress by Plaintiffs, Russell Viets and Melissa M. Viets (Fourth Count and Fifth

Count); Strict liability against DJG (Sixth Count); Breach of express warranty against DJG (Seventh Count); Breach of implied warranty of merchantability against DJG (Eighth Count); Breach of implied warranty of fitness for a particular purpose against Dorel (Ninth Count); Gross negligence with a claim for punitive damages against DJG (Tenth Count); Strict Liability against Coscos; (Eleventh Count); Breach of express warranty by Coscos (Twelfth Count); Breach of implied warranty of merchantability against Coscos (Thirteenth Count); Breach of implied warranty of fitness for a particular purpose against Coscos (Fourteenth Count); Gross negligence and punitive damages against Coscos (Fifteenth Count); Strict Liability against Target (Sixteenth Count); Breach of express warranty against Target (Seventeenth Count); Breach of implied warranty of merchantability against Target (Eighteenth County); Breach of implied warranty of fitness for a particular purpose against Target (Nineteenth Count); Gross negligence and punitive damages against Target (Twentieth Count). Plaintiffs seek various forms of relief including compensatory and punitive damages, interest, costs of suit and attorney's fee. (See Complaint at wherefore clause.)

## THE PARTIES

4.     According to the Complaint, Plaintiffs, Melissa M. Viets and Russell S. Viets, individually and as Administrator ad Prosequendum of infant, Jacqueline Nicole Viets, are residents of New Jersey. They currently reside at 142 Mount Vernon Road, Township of Berkeley, County of Ocean, State of New Jersey.

5.     Defendant, DJG is a company incorporated under the laws of the State of Massachusetts with its principal place of business located at 2525 State Street, Columbus, Indiana 47201. Thus, DJG is a citizen of Massachusetts and Indiana for diversity purposes.

6.     Cosco, Inc., (misnamed Coscos, Inc. in the Complaint) is a predecessor of DJG pursuant to a corporate merger which occurred in 2001. As a result of the merger Cosco, Inc., no longer exists as a separate corporate entity and, therefore, has no citizenship for diversity purposes and is not a proper party in this matter.

7.     Defendant, Target, Inc., is a company incorporated under the laws of the State of Minnesota with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota, 55403. Thus, Target is a citizen of Minnesota for diversity purposes.

## JURISDICTION

8.     This Court has subject-matter jurisdiction of the action pursuant to 28 U.S.C. §1332. This is a civil action between citizens of different States. Further, though plaintiff has not alleged a specific amount of damages, given the causes of action and damages alleged in the Complaint including compensatory damages and punitive damages, the amount in controversy will exceed the sum or value of $75,000.00, exclusive of interest or costs.

9.     A specific amount claimed in excess of $75,000.00 is not required for this Court to have subject matter jurisdiction. Various courts have found diversity jurisdiction where there has been some uncertainty as to the value of the claim. The amount of the claim need not be proven; rather, the amount is judged from the face of the Complaint and is generally established by a good faith allegation. Golden v. Golden, 382 F.3d 348 (3d Cir. 2004); Jumara v. State Farm Ins. Co., 553 F.3d 873, 877 (3d Cir. 1995).

10.    The allegations in the Complaint indicate that the amount in controversy will exceed $75,000.00. The Complaint alleges that Plaintiff, Melissa M. Viets, suffered injuries

which have disabled her since the accident and into the future. (First Count). In addition, the

Complaint alleges a Count for wrongful death and survival (Second Count). The Plaintiff has

made claims for loss of services and medical expenses (Third Count). In addition, Plaintiffs

have made claims for compensatory damages, punitive damages, attorney's fees and costs

including a claim for gross negligence against all defendants (Tenth Count, Fifteenth Count and

Twentieth Count). The Third Circuit has stated that "…a request for punitive damages will

generally satisfy the amount in controversy requirement because it cannot be stated to a legal

certainty that the value of the plaintiff's claim is below the statutory minimum". Golden, at 382

F.3d 348, 355. These allegations demonstrate a reasonable probability that the amount in

controversy will exceed $75,000.00.

## **BASIS FOR REMOVAL**

11.    This Court has subject matter jurisdiction on the basis of diversity of citizenship

under 28 U.S.C. §1332. Venue is proper pursuant to 28 U.S.C. §1441(a) as this is the Federal

District Court for the District embracing the place where the State Court suit is pending.

12.    This Notice of Removal is being filed within thirty (30) days of DJG's receipt of

the Complaint as required by 28 U.S.C. §1446(b).

13.    Written notice of the filing of this Notice of Removal will be provided to Plaintiff.

A copy of this Notice will be filed in the appropriate State Court as required by 28 U.S.C.

§1446(d).

WHEREFORE, Notice is given that this action is removed from the Superior Court of New Jersey, Law Division, Ocean County, to the United States District Court for the District of New Jersey, Trenton Division.


Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER,**
 **COLEMAN & GOGGIN,**


BY:   /s/Michael G. Brennan
      MICHAEL G. BRENNAN, ESQUIRE
      Attorneys for  Defendant, Dorel Juvenile
      Group, Inc.


DATED:  August 16, 2006

19072-00102-MGB
\06_A\LIAB\MGBRENNAN\LLPG\903399\JLMARTIN\19072\00102
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
BY:  Michael G. Brennan, Esquire
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
856-414-6000
Attorney for Defendant(s), Dorel Juvenile Group, Inc. Coscos, Inc. and Target Corp.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON  DIVISION

| | |
|---|---|
| MELISSA M. VIETS and RUSSELL S. VIETS, Individually and as Administrator ad Prosequendum of infant, Jacqueline Nicole Viets, | CIVIL ACTION |
| Plaintiff(s), | CIVIL ACTION NO: |
| vs. | |
| DOREL JUVENILE GROUP, INC., a body corporate; COSCOS, INC., a body corporate; TARGET CORP., a body corporate; and JOHN DOE (1-10), ABC CORP. (1-10), (presently fictitious and unknown) | |
| Defendant(s). | |

## CERTIFICATE OF FILING/SERVICE

The original and four (4) hard copies, as well as PDF disk, of the within Notice of

Removal has been filed via hand delivery by Road Runner Courier Service with the United

States District Court for the District of New Jersey, Trenton Vicinage.

MARSHAL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

/s/ Michael G. Brennan
MICHAEL G. BRENNAN, ESQUIRE

DATED:  August 16, 2006

**PROOF OF SERVICE**

On August 16, 2006, I, the undersigned, served the within Notice of Filing and Notice of

Removal via hand delivery by Road Runner Courier Service to:

> Thedore Fetter, Clerk
> Superior Court of New Jersey
> Hughes Justice Complex
> 25 W. Market Street, CN 971
> Trenton, NJ  08625
>
> Office of the Clerk
> Civil Part, Law Division
> Ocean County Superior Court
> Courthouse
> 118 Washington Street
> P.O. Box 2191
> Toms Rivers, NJ 08754
>
> Michael E. Wilbert, Esquire
> 2640 Highway #70
> Suite 1A
> Manasquan, NJ 08736

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statement made by me are willfully false, I am subject to punishment.

> MARSHAL, DENNEHEY, WARNER,
> COLEMAN & GOGGIN
>
>
> /s/ Michael G. Brennan
> MICHAEL G. BRENNAN, ESQUIRE

DATED:  August 16, 2006

# EXHIBIT "A"

MICHAEL E. WILBERT, ESQ.
2640 Highway #70
Building 1A
Manasquan, NJ   08736
(732) 528-8000
Attorney for Plaintiffs

| | |
|---|---|
| MELISSA M. VIETS and RUSSELL S. VIETS, Individually and as Administrator ad Prosequendum of infant, Jacqueline Nicole Viets, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION OCEAN COUNTY DOCKET NO. OCN-2122-06 |
| Plaintiffs, | CIVIL ACTION |
| vs. | SUMMONS |
| DOREL JUVENILE GROUP, INC., a body corporate; COSCOS, INC., a body corporate; TARGET CORP., a body corporate; and JOHN DOE (1-10), ABC CORP. (1-10), (presently fictitious and unknown), | |
| Defendants. | |

The State of New Jersey, to Defendant:

DOREL JUVENILE GROUP, INC.

The plaintiffs named above, have filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior

Court is provided.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ  08625.  A filing fee* payable to the Clerk of the Superior Court and a complete Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and service a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion with 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

DATED: 7/18/06

DONALD F. PHELAN, CLERK
SUPERIOR COURT OF NEW JERSEY

Name of Defendant to be served: DOREL JUVENILE GROUP, INC.
Address of Defendant to be Served:   c/o CORPORATION SERVICE COMPANY, 830 BEAR TAVERN ROAD, WEST TRENTON, NJ  08628

*$105.00 FOR CHANCERY DIVISION CASES OR $110.00 FOR LAW DIVISION CASES

| | | | |
|---|---|---|---|
| **ATLANTIC COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division, Direct Filing<br>Atlantic County Civil Court Building,<br>First Floor<br>1201 Bacharach Boulevard<br>Atlantic City, NJ 08401<br>(609) 345-6700<br>**LAWYER REFERRAL**<br>(609) 345-3444<br>**LEGAL SERVICES**<br>(609) 348-4200 | **CUMBERLAND COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Case Management Office<br>Cumberland County Courthouse<br>Broad & Fayette Streets<br>Bridgeton, NJ 08302<br>(856) 451-8000<br>**LAWYER REFERRAL**<br>(856) 692-6207<br>**LEGAL SERVICES**<br>(856) 451-0003 | **MERCER COUNTY:**<br>Deputy Clerk of the Superior Court<br>Local Filing Office<br>Mercer County Courthouse<br>175 South Broad Street<br>Trenton, NJ 08650<br>(609) 278-7985<br>**LAWYER REFERRAL**<br>(609) 585-6200<br>**LEGAL SERVICES**<br>(609) 695-6249 | **SALEM COUNTY:**<br>Deputy Clerk of the Superior Court<br>Salem County Courthouse<br>92 Market Street<br>Salem, NJ 08079<br>(856) 935-7510<br>**LAWYER REFERRAL**<br>(856) 935-5628<br>**LEGAL SERVICES**<br>(856) 451-0003 |
| **BERGEN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Case Processing Section, Room 119<br>Bergen County Justice Center<br>10 Main Street<br>Hackensack, NJ 07601-0769<br>(201) 646-2000<br>**LAWYER REFERRAL**<br>(201) 488-0044<br>**LEGAL SERVICES**<br>(201) 487-2166 | **ESSEX COUNTY:**<br>Deputy Clerk of the Superior Court<br>Essex County Courts Building<br>50 West Market Street, Room 131<br>Newark, NJ 07102<br>(973) 693-5700<br>**LAWYER REFERRAL**<br>(973) 622-6207<br>**LEGAL SERVICES**<br>(973) 624-4500 | **MIDDLESEX COUNTY:**<br>Deputy Clerk of the Superior Court<br>Middlesex Administration Building<br>3rd Floor<br>1 Kennedy Square<br>New Brunswick, NJ 08903-2633<br>(732) 981-3200<br>**LAWYER REFERRAL**<br>(732) 828-0053<br>**LEGAL SERVICES**<br>(732) 249-7600 | **SOMERSET COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division Office<br>Somerset County New Courthouse,<br>3rd Floor<br>20 North Bridge Street<br>Somerville, NJ 08876-1262<br>(908) 231-7000<br>**LAWYER REFERRAL**<br>(908) 685-2323<br>**LEGAL SERVICES**<br>(908) 231-0840 |
| **BURLINGTON COUNTY:**<br>Deputy Clerk of the Superior Court<br>Central Processing Office<br>Attn: Judicial Intake<br>Burlington County Court Facility,<br>First Floor<br>49 Rancocas Road<br>Mount Holly, NJ 08060<br>(609) 518-2500<br>**LAWYER REFERRAL**<br>(609) 261-4862<br>**LEGAL SERVICES**<br>(609) 261-1088 | **GLOUCESTER COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Case Management Office<br>Attn: Intake<br>Gloucester County Courthouse<br>1 North Broad Street<br>Woodbury, NJ 08096<br>(856) 853-3200<br>**LAWYER REFERRAL**<br>(856) 848-4589<br>**LEGAL SERVICES**<br>(856) 848-5360 | **MONMOUTH COUNTY:**<br>Deputy Clerk of the Superior Court<br>Monmouth County Courthouse<br>71 Monument Park<br>Freehold, NJ 07728-2633<br>(732) 431-7872<br>**LAWYER REFERRAL**<br>(732) 431-5544<br>**LEGAL SERVICES**<br>(732) 866-0020 | **SUSSEX COUNTY:**<br>Deputy Clerk of the Superior Court<br>Sussex County Judicial Center<br>43-47 High Street<br>Newton, NJ 07860<br>(973) 579-0675<br>**LAWYER REFERRAL**<br>(973) 267-5882<br>**LEGAL SERVICES**<br>(973) 383-7400 |
| **CAMDEN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Camden County Hall of Records,<br>First Floor<br>101 South Fifth Street<br>Camden, NJ 08103<br>(856) 225-5000<br>**LAWYER REFERRAL**<br>(856) 964-4520<br>**LEGAL SERVICES**<br>(856) 964-2010 | **HUDSON COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Records Dept.<br>Brennan Courthouse, First Floor<br>583 Newark Avenue<br>Jersey City, NJ 07306<br>(201) 795-6000<br>**LAWYER REFERRAL**<br>(201) 798-2727<br>**LEGAL SERVICES**<br>(201) 792-6363 | **MORRIS COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division<br>Morris County Courthouse<br>Washington & Court Streets<br>P.O. Box 910<br>Morristown, NJ 07960-0910<br>(973) 285-6400<br>**LAWYER REFERRAL**<br>(973) 267-5882<br>**LEGAL SERVICES**<br>(973) 285-6911 | **UNION COUNTY:**<br>Deputy Clerk of the Superior Court<br>Union County Courthouse<br>2 Broad Street, First Floor<br>Elizabeth, NJ 07207-6073<br>(908) 659-4100<br>**LAWYER REFERRAL**<br>(908) 353-4715<br>**LEGAL SERVICES**<br>(908) 354-4340 |
| **CAPE MAY COUNTY:**<br>Deputy Clerk of the Superior Court<br>Cape May County Courthouse<br>9 North Main Street<br>Cape May Court House, NJ 08210<br>(609) 465-1000<br>**LAWYER REFERRAL**<br>(609) 463-0313<br>**LEGAL SERVICES**<br>(609) 465-3001 | **HUNTERDON COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division<br>Hunterdon County Courthouse<br>65 Park Avenue<br>Flemington, NJ 08822<br>(908) 788-1589<br>**LAWYER REFERRAL**<br>(908) 735-2611<br>**LEGAL SERVICES**<br>(908) 782-7979 | **OCEAN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Ocean County Courthouse<br>118 Washington Street<br>Room 119<br>Toms River, NJ 08754<br>(732) 244-2121<br>**LAWYER REFERRAL**<br>(732) 240-3666<br>**LEGAL SERVICES**<br>(732) 341-2727 | **WARREN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division Office<br>Warren County Courthouse<br>Second & Hardwick Streets<br>Belvidere, NJ 07823-1500<br>(908) 475-6161<br>**LAWYER REFERRAL**<br>(973) 267-5882<br>**LEGAL SERVICES**<br>(908) 475-2010 |
| | | **PASSAIC COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division<br>Passaic County Court House<br>77 Hamilton Street<br>Paterson, NJ 07505 .<br>(973) 247-8000<br>**LAWYER REFERRAL**<br>(973) 278-9223<br>**LEGAL SERVICES**<br>(973) 345-7171 | |

Powered by  HotDocs

Printed by ALL-STATE LEGAL®<br>A Division of ALL-STATE International, Inc.<br>www.aslegal.com   800-222-0510   Page 2

OCEAN COUNTY SUPERIOR Court
OCEAN COUNTY COURTHOUSE
CIVIL LAW DIVISION
TOMS RIVER        NJ 01754

COURT TELEPHONE NO. (732) 929-2014
COURT HOURS

TRACK ASSIGNMENT NOTICE

DATE:    JULY 13, 2006
RE:      VIZY'S CORP, JUVENILE GROUP INC
DOCKET: OCN L 003133 06

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON JOSEPH L. FOSTER

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    001
AT: (732) 929-4772.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

ATTENTION:
                        ATT. MICHAEL E. WILBERT
                        MICHAEL E. WILBERT
                        2640 HIGHWAY 70
                        BLDG 1A
                        MANASQUAN        NJ 01736

JUEVM2

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4;5-1.

**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE:  CK   CG   CA | |
| CHG / CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY/PRO SE NAME | TELEPHONE NO. | COUNTY OF VENUE |
|---|---|---|
| MICHAEL E. WILBERT, ESQ. | (732) 528-8000 | OCEAN |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
|---|---|
| | OCNL-2100.06 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 2640 HIGHWAY #70, BLDG. 1A | Complaint |
| MANASQUAN, NJ 08736 | JURY DEMAND  ☒ YES   ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| MELISSA M. VIETS and RUSSELL S. VIETS, ETC. | MELISSA M. VIETS AND RUSSELL S. VIETS, ETC. VS. DOREL JUVENILE GROUP, ET ALS |

| CASE TYPE NUMBER    603 | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ☒ NO |
|---|---|
| (See reverse side for listing) | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?   ☐ YES   ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   ☐ YES   ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN  ☐ NONE   ☒ UNKNOWN |
|---|---|

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   ☐ YES   ☒ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER/EMPLOYEE   ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR   ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|---|
| B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   ☒ NO | | | | |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

RECEIVED & FILED

JUN 2 9 2006

SUPERIOR CT., OCEAN CO.

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   ☐ YES   ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|
| WILL AN INTERPRETER BE NEEDED?   ☐ YES   ☒ NO | IF YES, FOR WHAT LANGUAGE: |

ATTORNEY SIGNATURE

*[signature]*

10 - Civil Case Information Statement (CIS)          Powered by          Printed by ALL-STATE LEGAL®

**SIDE 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I – 150 days' discovery

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY |
| 502 | BOOK ACCOUNT |
| 503 | COMMERCIAL TRANSACTION |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 589 | CONTRACT |
| 801 | SUMMARY ACTION |

### Track II – 300 days' discovery

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

### Track III – 450 days' discovery

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV – Active Case Management by Individual Judge / 450 days' discovery

| | |
|---|---|
| 156 | ENVIRONMENTAL COVERAGE LITIGATION |
| 234 | FRT PLYWOOD LITIGATION |
| 245 | ACTIONS UNDER FEDERAL Y2K ACT |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | REPETITIVE STRESS SYNDROME |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRIT |

#### Mass Tort (Track IV)

| | |
|---|---|
| 240 | DIET DRUG |
| 241 | TOBACCO |
| 243 | LATEX |
| 248 | REZULIN |
| 601 | ASBESTOS |
| 611 | BREAST IMPLANT CASES |
| 612 | BLOOD-CLOTTING SERUM |

**999** OTHER (Briefly describe nature of action ) _____

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1 in the space under "Case Characteristics."

RECEIVED & FILED

JUN 2 9 2006

SUPERIOR CT., OCEAN CO.

MICHAEL R. WILBERT, ESQ.
2640 Highway #70
Suite 1A
Manasquan, NJ   08736
(732) 528-8000
Attorney for Plaintiffs

| | |
|---|---|
| MELISSA M. VIETS and RUSSELL S. VIETS, Individually and as Administrator ad Prosequendum of infant, Jacqueline Nicole Viets, <br><br> Plaintiffs, <br><br> vs. <br><br> DOREL JUVENILE GROUP, INC., a body corporate; COSCOS, INC., a body corporate; TARGET CORP., a body corporate; and JOHN DOE (1-10), ABC CORP. (1-10), (presently fictitious and unknown) <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION OCEAN COUNTY DOCKET NO. OCN-3122-06 <br><br> CIVIL ACTION <br><br> COMPLAINT AND DEMAND FOR JURY |

Plaintiffs, Melissa M. Viets and Russell S. Viets,

Individually, and as Administrator ad Prosequendum of infant,

Jacqueline Nicole Viets, residing at 142 Mt. Vernon Road, in the

Township of Berkeley, County of Ocean and State of New Jersey,

by way of Complaint against the defendants, say:

## FIRST COUNT

1.  On or about July 2, 2004, plaintiff, Melissa M. Viets, was the operator of a motor vehicle owned by plaintiff, Russell S. Viets, which was being driven by her in a westerly direction on Serpentine Drive, in the Township of Berkeley, County of Ocean and State of New Jersey.

2.  At the same time and place aforesaid, Leonard D. Vanderwiele, was the owner and operator of a motor vehicle which was being driven by him in an easterly direction on Serpentine Drive, in the Township of Berkeley, County of Ocean and State of New Jersey.

3.  Vanderwiele was careless, reckless and negligent in the operation of his motor vehicle so as to cause it to collide with the vehicle operated by plaintiff, Melissa M. Viets.

4.  As a direct and proximate result of the carelessness, recklessness and negligence of Vanderwiele, plaintiff, Melissa M. Viets, was injured, has incurred and in the future will incur expenses for the treatment of her injuries, has been disabled and in the future will be disabled and not able to perform her usual functions, and has and in the future will continue to be caused great pain and suffering, to her great loss and damage.

5.  Default judgment was entered against Leonard D. Vanderwiele, on August 24, 2005 and Orders for Judgment were entered on October 14, 2005 and December 20, 2005.

WHEREFORE, plaintiff, Melissa M. Viets, demands judgment against the defendants, Dorel Juvenile Group, Inc., a body corporate; Coscos, Inc., a body corporate; and Target Corp., a body corporate, for damages, together with interest and costs of suit.

## SECOND COUNT

1.  Plaintiffs repeat the allegations contained in the First Count of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.  Plaintiff, Russell S. Viets, is the father of the deceased infant, Jacqueline Nicole Viets, and on January 11, 2005, the Surrogate's Office of Ocean County, New Jersey, appointed plaintiff, Russell S. Viets, as Administrator ad Prosequendum of the estate of his said infant daughter.

3.  At the time and place aforesaid, the deceased infant was a passenger in the motor vehicle being operated by plaintiff, Melissa M. Viets.

4.  As a direct and proximate result of the carelessness, recklessness and negligence of Leonard D. Vanderwiele in the operation of his motor vehicle, plaintiff's decedent, Jacqueline

3

Nicole Viets, sustained bodily injuries, which subsequently caused her death.

5.  Plaintiff was liable for and has paid for certain hospital, medical, funeral and burial expenses and charges for the infant decedent.

6.  The infant decedent, Jacqueline Nicole Viets, left surviving her, her mother and father, plaintiffs, Melissa M. Viets and Russell S. Viets, at the time of her demise, and by reason of the wrongful death of plaintiff's decedent, decedent's survivors have suffered pecuniary losses.

7.  There is, and at the time of the accident hereinafter set forth, there was in force and effect in the State of New Jersey a death statute known and designated as N.J.S.A. 2A:31-1 through 6, and plaintiff brings this action pursuant to provisions thereof for the benefit of the next of kin of decedent.

8.  This action is commenced within two years of the happening of the accident and death of decedent.

WHEREFORE, plaintiff, Russell S. Viets, as Administrator ad Prosequendum of the infant decedent, Jacqueline Nicole Viets, demands damages against the defendants, Dorel Juvenile Group, Inc., a body corporate; Coscos, Inc., a body corporate; and Target Corp., a body corporate, for such sum as would reasonably

4

and properly compensate him in accordance with the laws of the State of New Jersey, together with interest and costs of suit.

### THIRD COUNT

1. Plaintiffs repeat the allegations contained in the First and Second Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2. At all times set forth herein, plaintiff, Russell S. Viets, was the husband of plaintiff, Melissa M. Viets, and the father of the infant decedent, Jacqueline Nicole Viets, and as such was responsible for their debts and entitled to their comfort, services and companionship.

3. As a direct and proximate result of the carelessness, recklessness and negligence of Leonard D. Vanderwiele in the operation of his motor vehicle, plaintiff, Russell S. Viets, was caused to suffer pain, suffering, loss of companionship, emotional distress and injury which injuries culminated in the death of his infant child.

4. Further, by reason of the negligence of Vanderwiele, plaintiff has been caused great expense, loss and trouble; plaintiff has been deprived of the services and society of his said wife; the ability of his said wife to render services and assistance to plaintiff has been impaired and depreciated, and will be so impaired and depreciated for a long time to come;

5

plaintiff has necessarily incurred expenses for medical attendance in attempting to cure the said Melissa M. Viets of her said injuries and it will be necessary for plaintiff to incur further expenses, all to plaintiff's damage.

WHEREFORE, plaintiff, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demands judgment against the defendants, Dorel Juvenile Group, Inc., a body corporate; Coscos, Inc., a body corporate; and Target Corp., a body corporate, for damages, together with interest and costs of suit.

<u>FOURTH COUNT</u>

1.  Plaintiffs repeat the allegations contained in the First through Third Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.  Plaintiff, Russell S. Viets, was summoned to the scene of the accident immediately after the occurrence on the date in question.  He arrived on the scene while his wife, Melissa M. Viets, was being attended to by roadside personnel, and he became extremely concerned about the welfare of his wife.  He also immediately observed the obvious pain and suffering that his infant child, Jacqueline Nicole Viets, was undergoing.

3.  Observation of both of these loved ones and family members severely traumatized plaintiff, Russell S. Viets, and he

6

has suffered emotional trauma and severe pain and suffering as a result of these observations.  Plaintiff stayed on the scene until both of the injured parties were removed and was attendant at the hospital and at the declaration of death of his infant daughter.

WHEREFORE, plaintiff, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demands judgment against the defendants, Dorel Juvenile Group, Inc., a body corporate; Coscos, Inc., a body corporate; and Target Corp., a body corporate, for damages, together with interest and costs of suit.

### FIFTH COUNT

1.  Plaintiffs repeat the allegations contained in the First through Fourth Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.  At the time and place aforesaid, plaintiff, Melissa M. Viets, was aware of and observed the obvious pain and suffering that her infant child, Jacqueline Nicole Viets, was undergoing. Observation of the plaintiff's infant daughter severely traumatized plaintiff, Melissa M. Viets, and she has suffered emotional trauma and severe pain and suffering as a result of these observations.

7

WHEREFORE, plaintiff, Melissa M. Viets, demands judgment against the defendants, Dorel Juvenile Group, Inc., a body corporate; Coscos, Inc., a body corporate; and Target Corp., a body corporate, for damages, together with interest and costs of suit.

### SIXTH COUNT

1. Plaintiffs repeat the allegations contained in the First through Fifth Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2. Defendant, Dorel Juvenile Group, Inc., a body corporate, (hereinafter "Dorel"), designed, manufactured, installed, altered, assembled, sold, distributed, marketed, inspected and tested the infant safety seat in which the deceased infant was sitting at the time and place of the accident aforesaid.

3. By virtue of the facts and circumstances surrounding the design, manufacture, installation, assembly, sale, distribution, marketing, inspection, testing, caring for, maintenance, lack of warning and/or repair of said infant safety seat, defendant, Dorel, is strictly liable in tort as the product(s) causing the harm was/were not reasonably fit, suitable or safe for its/their intended purpose(s).

8

4.    Said infant safety seat, and/or its component part(s) deviated from the design specifications, formulae or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae and/or it/they failed to contain adequate warnings or instructions; and/or it/they was/were designed in a defective manner.

5.    As a direct and proximate result of the aforesaid conduct of the defendant, Dorel, plaintiffs were caused to experience pain/suffering and consequential death.

WHEREFORE, plaintiffs, Melissa M. Viets, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demand judgment against the defendant, Dorel Juvenile Group, Inc., a body corporate, for damages, both compensatory and punitive, interest, costs of suit, attorney's fees, and such other relief as the Court may deem equitable and just.

## SEVENTH COUNT

1.    Plaintiffs repeat the allegations contained in the First through Sixth Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.    By virtue of the facts and circumstances surrounding the design, manufacture, installation, alteration, assembly, sale,

9

distribution, marketing, inspection, testing, caring for, lack of warning, maintenance, and/or repair of said infant safety seat, and/or its component part(s), defendant, Dorel, breached the express warranties created pursuant to N.J.S.A. 12A:2-313.

3.   As a direct and proximate result of the aforesaid conduct of the defendant, Dorel, plaintiffs were caused to experience pain/suffering and consequential death.

WHEREFORE, plaintiffs, Melissa M. Viets, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demand judgment against the defendant, Dorel Juvenile Group, Inc., a body corporate, for damages, both compensatory and punitive, interest, costs of suit, attorney's fees, and such other relief as the Court may deem equitable and just.

## EIGHTH COUNT

1.   Plaintiffs repeat the allegations contained in the First through Seventh Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.   By virtue of the facts and circumstances surrounding the design, manufacture, installation, alteration, assembly, sale, distribution, marketing, inspection, testing, caring for, lack of warning, maintenance, and/or repair of said infant safety seat, and/or its component part(s), defendant, Dorel, breached the

10

implied warranty of merchantability created pursuant to N.J.S.A. 12A:2-314.

3.   As a direct and proximate result of the aforesaid conduct of the defendant, Dorel, plaintiffs were caused to experience pain/suffering and consequential death.

WHEREFORE, plaintiffs, Melissa M. Viets, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demand judgment against the defendant, Dorel Juvenile Group, Inc., a body corporate, for damages, both compensatory and punitive, interest, costs of suit, attorney's fees, and such other relief as the Court may deem equitable and just.

## NINTH COUNT

1. Plaintiffs repeat the allegations contained in the First through Eighth Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.   By virtue of the facts and circumstances surrounding the design, manufacture, installation, alteration, assembly, sale, distribution, marketing, inspection, testing, caring for, lack of warning, maintenance, and/or repair of said infant safety seat, and/or its component part(s), defendant, Dorel, breached the implied warranty of fitness for a particular purpose created pursuant to N.J.S.A. 12A:2-315.

11

3.   As a direct and proximate result of the aforesaid conduct of the defendant, Dorel, plaintiffs were caused to experience pain/suffering and consequential death.

WHEREFORE, plaintiffs, Melissa M. Viets, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demand judgment against the defendant, Dorel Juvenile Group, Inc., a body corporate, for damages, both compensatory and punitive, interest, costs of suit, attorney's fees, and such other relief as the Court may deem equitable and just.

### TENTH COUNT

1.   Plaintiffs repeat the allegations contained in the First through Ninth Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.   The foregoing conduct/omissions by defendant, Dorel, were done so with knowledge of a high degree of probability of harm and reckless knowledge of a high degree of probability of harm and reckless indifference to the consequences of said conduct/omissions, which conduct/omissions resulted in the death of the infant plaintiff.

WHEREFORE, plaintiffs, Melissa M. Viets, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demand judgment against the

12

defendant, Dorel Juvenile Group, Inc., a body corporate, for damages, both compensatory and punitive, interest, costs of suit, attorney's fees, and such other relief as the Court may deem equitable and just.

### ELEVENTH COUNT

1.   Plaintiffs repeat the allegations contained in the First through Tenth Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.   Defendant, Coscos, Inc., a body corporate, (hereinafter "Coscos"), designed, manufactured, installed, altered, assembled, sold, distributed, marketed, inspected and tested the infant safety seat in which the deceased infant was sitting at the time and place of the accident aforesaid.

3.   By virtue of the facts and circumstances surrounding the design, manufacture, installation, assembly, sale, distribution, marketing, inspection, testing, caring for, maintenance, lack of warning and/or repair of said infant safety seat, defendant, Coscos, is strictly liable in tort as the product(s) causing the harm was/were not reasonably fit, suitable or safe for its/their intended purpose(s).

4.   Said infant safety seat, and/or its component part(s) deviated from the design specifications, formulae or performance standards of the manufacturer or from otherwise identical units

13

manufactured to the same manufacturing specifications or formulae and/or it/they failed to contain adequate warnings or instructions; and/or it/they was/were designed in a defective manner.

5.  As a direct and proximate result of the aforesaid conduct of the defendant, Coscos, plaintiffs were caused to experience pain/suffering and consequential death.

WHEREFORE, plaintiffs, Melissa M. Viets, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demand judgment against the defendant, Coscos, Inc., a body corporate, for damages, both compensatory and punitive, interest, costs of suit, attorney's fees, and such other relief as the Court may deem equitable and just.

### TWELFTH COUNT

1.  Plaintiffs repeat the allegations contained in the First through Eleventh Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.  By virtue of the facts and circumstances surrounding the design, manufacture, installation, alteration, assembly, sale, distribution, marketing, inspection, testing, caring for, lack of warning, maintenance, and/or repair of said infant safety seat,

14

and/or its component part(s), defendant, Coscos, breached the express warranties created pursuant to N.J.S.A. 12A:2-313.

3.   As a direct and proximate result of the aforesaid conduct of the defendant, Coscos, plaintiffs were caused to experience pain/suffering and consequential death.

WHEREFORE, plaintiffs, Melissa M. Viets, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demand judgment against the defendant, Coscos, Inc., a body corporate, for damages, both compensatory and punitive, interest, costs of suit, attorney's fees, and such other relief as the Court may deem equitable and just.

### THIRTEENTH COUNT

1.   Plaintiffs repeat the allegations contained in the First through Twelfth Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.   By virtue of the facts and circumstances surrounding the design, manufacture, installation, alteration, assembly, sale, distribution, marketing, inspection, testing, caring for, lack of warning, maintenance, and/or repair of said infant safety seat, and/or its component part(s), defendant, Coscos, breached the implied warranty of merchantability created pursuant to N.J.S.A. 12A:2-314.

15

3.   As a direct and proximate result of the aforesaid conduct of the defendant, Coscos, plaintiffs were caused to experience pain/suffering and consequential death.

WHEREFORE, plaintiffs, Melissa M. Viets, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demand judgment against the defendant, Coscos, Inc., a body corporate, for damages, both compensatory and punitive, interest, costs of suit, attorney's fees, and such other relief as the Court may deem equitable and just.

### FOURTEENTH COUNT

1.   Plaintiffs repeat the allegations contained in the First through Thirteenth Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.   By virtue of the facts and circumstances surrounding the design, manufacture, installation, alteration, assembly, sale, distribution, marketing, inspection, testing, caring for, lack of warning, maintenance, and/or repair of said infant safety seat, and/or its component part(s), defendant, Coscos, breached the implied warranty of fitness for a particular purpose created pursuant to N.J.S.A. 12A:2-315,

16

3.  As a direct and proximate result of the aforesaid conduct of the defendant, Coscos, plaintiffs were caused to experience pain/suffering and consequential death.

WHEREFORE, plaintiffs, Melissa M. Viets, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demand judgment against the defendant, Coscos, Inc., a body corporate, for damages, both compensatory and punitive, interest, costs of suit, attorney's fees, and such other relief as the Court may deem equitable and just.

### FIFTEENTH COUNT

1.  Plaintiffs repeat the allegations contained in the First through Fourteenth Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.  The foregoing conduct/omissions by defendant, Coscos, were done so with knowledge of a high degree of probability of harm and reckless knowledge of a high degree of probability of harm and reckless indifference to the consequences of said conduct/omissions which conduct/omissions resulted in the death of the infant plaintiff.

WHEREFORE, plaintiffs, Melissa M. Viets, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased

17

infant, Jacqueline Nicole Viets, demand judgment against the defendant, Coscos, Inc., a body corporate, for damages, both compensatory and punitive, interest, costs of suit, attorney's fees, and such other relief as the Court may deem equitable and just.

### SIXTEENTH COUNT

1.  Plaintiffs repeat the allegations contained in the First through Fifteenth Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.  Defendant, Target Corp., a body corporate, (hereinafter "Target"), designed, manufactured, installed, altered, assembled, sold, distributed, marketed, inspected and tested the infant safety seat in which the deceased infant was sitting at the time and place of the accident aforesaid.

3.  By virtue of the facts and circumstances surrounding the design, manufacture, installation, assembly, sale, distribution, marketing, inspection, testing, caring for, maintenance, lack of warning and/or repair of said infant safety seat, defendant, Target, is strictly liable in tort as the product(s) causing the harm was/were not reasonably fit, suitable or safe for its/their intended purpose(s).

18

4.   Said infant safety seat, and/or its component part(s) deviated from the design specifications, formulae or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae and/or it/they failed to contain adequate warnings or instructions; and/or it/they was/were designed in a defective manner.

5.   As a direct and proximate result of the aforesaid conduct of the defendant, Target, plaintiffs were caused to experience pain/suffering and consequential death.

WHEREFORE, plaintiffs, Melissa M. Viets, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demand judgment against the defendant, Target Corp., a body corporate, for damages, both compensatory and punitive, interest, costs of suit, attorney's fees, and such other relief as the Court may deem equitable and just.

### SEVENTEENTH COUNT

1.   Plaintiffs repeat the allegations contained in the First through Sixteenth Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.   By virtue of the facts and circumstances surrounding the design, manufacture, installation, alteration, assembly, sale, distribution, marketing, inspection, testing, caring for, lack of warning, maintenance, and/or repair of said infant safety seat, and/or its component part(s), defendant, Target, breached the express warranties created pursuant to N.J.S.A. 12A:2-313.

3.   As a direct and proximate result of the aforesaid conduct of the defendant, Target, plaintiffs were caused to experience pain/suffering and consequential death.

WHEREFORE, plaintiffs, Melissa M. Viets, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demand judgment against the defendant, Target Corp., a body corporate, for damages, both compensatory and punitive, interest, costs of suit, attorney's fees, and such other relief as the Court may deem equitable and just.

EIGHTEENTH COUNT

1.   Plaintiffs repeat the allegations contained in the First through Seventeenth Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.   By virtue of the facts and circumstances surrounding the design, manufacture, installation, alteration, assembly, sale,

20

distribution, marketing, inspection, testing, caring for, lack of warning, maintenance, and/or repair of said infant safety seat, and/or its component part(s), defendant, Target, breached the implied warranty of merchantability created pursuant to N.J.S.A. 12A:2-314.

3.   As a direct and proximate result of the aforesaid conduct of the defendant, Target, plaintiffs were caused to experience pain/suffering and consequential death.

WHEREFORE, plaintiffs, Melissa M. Viets, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demand judgment against the defendant, Target Corp., a body corporate, for damages, both compensatory and punitive, interest, costs of suit, attorney's fees, and such other relief as the Court may deem equitable and just.

## NINETEENTH COUNT

1.   Plaintiffs repeat the allegations contained in the First through Eighteenth Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2.   By virtue of the facts and circumstances surrounding the design, manufacture, installation, alteration, assembly, sale, distribution, marketing, inspection, testing, caring for, lack of

21

warning, maintenance, and/or repair of said infant safety seat, and/or its component part(s), defendant, Target, breached the implied warranty of fitness for a particular purpose created pursuant to N.J.S.A. 12A:2-315.

3. As a direct and proximate result of the aforesaid conduct of the defendant, Target, plaintiffs were caused to experience pain/suffering and consequential death.

WHEREFORE, plaintiffs, Melissa M. Viets, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demand judgment against the defendant, Target Corp., a body corporate, for damages, both compensatory and punitive, interest, costs of suit, attorney's fees, and such other relief as the Court may deem equitable and just.

**TWENTIETH COUNT**

1. Plaintiffs repeat the allegations contained in the First through Nineteenth Counts of this Complaint, and make them a part hereof as if more specifically set forth at length herein.

2. The foregoing conduct/omissions by defendant, Target, were done so with knowledge of a high degree of probability of harm and reckless knowledge of a high degree of probability of harm and reckless indifference to the consequences of said

22

conduct/omissions which conduct/omissions resulted in the death of the infant plaintiff.

WHEREFORE, plaintiffs, Melissa M. Viets, Russell S. Viets, individually, and as Administrator ad Prosequendum of deceased infant, Jacqueline Nicole Viets, demand judgment against the defendant, Target Corp., a body corporate, for damages, both compensatory and punitive, interest, costs of suit, attorney's fees, and such other relief as the Court may deem equitable and just.

### DEMAND FOR JURY

Plaintiffs hereby demand a trial by jury as to all issues of the within Complaint.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, plaintiffs hereby designate MICHAEL E. WILBERT, ESQ. as trial counsel in the within matter.

### CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

I hereby certify that the within matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration proceeding.  No other action or arbitration proceeding is contemplated at this time and there are no other parties who should be joined in this action.

I further certify that I am aware of the continuing obligation during the course of this litigation to file and

serve on all other parties and with the court an amended

certification if there is a change in the facts stated herein.

### DEMAND FOR INSURANCE INFORMATION

Pursuant to Rule 4:10-2(b), demand is hereby made that you

disclose to the undersigned whether there are any insurance

agreements or policies under which any person or firm carrying

on insurance business may be liable to satisfy part or all of a

judgment which may be entered in this action, or to indemnify or

reimburse for payments made to satisfy the judgment.


DATED: June 29, 2006

MICHAEL E. WILBERT
Attorney for Plaintiffs

24